IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COMSYS SOLUTIONS LLC, | |
| Plaintiff, | C.A. No. 22-743-RGA |
| v. | **JURY TRIAL DEMANDED** |
| SMART EYE INTERNATIONAL, INC., | |
| Defendant. | |

**DEFENDANT SMART EYE INTERNATIONAL, INC.'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant Smart Eye International, Inc.[1] ("Defendant" or "Smart Eye") hereby files its
Answer, Affirmative Defenses, and Counterclaims to Plaintiff Comsys Solutions LLC's
("Plaintiff's" and "Comsys") Complaint for Patent Infringement ("Complaint"). Smart Eye denies
the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the
following paragraphs.[2]

**NATURE OF THE ACTION**

1.      Smart Eye admits that this is an action for alleged patent infringement under the
patent laws of the United States. Smart Eye denies the remaining allegations in Paragraph 1 of the
Complaint.

---

[1] Comsys Solutions LLC sued and served the incorrect entity. Smart Eye International, Inc. has no
involvement with the Accused Instrumentalities. The correct party to this suit is Affectiva Inc.
Despite Comsys's improper service and incorrect party naming, Smart Eye International, Inc. is
responding to Comsys's lawsuit.
[2] To avoid doubt, Smart Eye denies liability for all allegations of patent infringement included or
implied in the introductory paragraph or in any headings of the Complaint.

2.      Smart Eye admits that Plaintiff refers to the '096 Patent and the '535 Patent as the Patents-in-Suit in its Complaint. Smart Eye denies any remaining allegations in Paragraph 2 of the Complaint.

## THE PARTIES

3.      Smart Eye is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and on that basis, denies all such allegations.

4.      Smart Eye admits that it is a corporation organized under the laws of Delaware, having a principle place of business at 455 E. Eisenhower Parkway, Suite 300, Ann Arbor, MI 48108 and that it can be served through its registered agent, The Corporation Trust Company located in Wilmington, DE.

## JURISDICTION AND VENUE

5.      Smart Eye admits that the Complaint purports to set forth an action for patent infringement under Title 35 of the United States Code §§ 1 *et seq*., but Smart Eye denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Smart Eye denies any remaining allegations in Paragraph 5 of the Complaint.

6.      Smart Eye admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent, but Smart Eye denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Smart Eye denies any remaining allegations in Paragraph 6 of the Complaint.

7.      Smart Eye does not contest whether this District has personal jurisdiction over it in this case, but denies that it has conducted business in this District and that it has committed or is

committing acts of infringement in this District related to the Accused Instrumentalities or anywhere else. Smart Eye denies any remaining allegations in Paragraph 7 of the Complaint.

8.    Smart Eye does not contest whether it is subject to the Court's specific and general personal jurisdiction because Smart Eye was incorporated in this district, but denies that it conducts business in this district and that it has committed or is committing acts of infringement in this district related to the Accused Instrumentalities or otherwise and denies Plaintiff is entitled to any relief. Smart Eye denies the remaining allegations in Paragraph 8 of the Complaint.

9.    Smart Eye does not contest that venue may be proper in this district in this case, but denies that venue is convenient as to Smart Eye in this case. Smart Eye denies that it has an established place of business in this District. Smart Eye denies that it has committed or is committing acts of infringement in this District or anywhere else. Smart Eye denies the remaining allegations in Paragraph 9 of the Complaint.

## FACTUAL ALLEGATIONS

### The '096 Patent

10.    Smart Eye admits that a purported copy of the '096 Patent is attached to the Complaint as Exhibit A. Smart Eye is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Complaint, and on that basis, denies all such allegations.

11.    Smart Eye is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

12. Smart Eye is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

13.     Smart Eye admits that the content of Exhibit A speaks for itself but denies any characterization inconsistent therewith. Smart Eye denies any remaining allegations in Paragraph 13 of the Complaint.

14.     Smart Eye is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and on that basis, denies all such allegations.

15.     Smart Eye admits that the content of Exhibit A speaks for itself but denies any characterization inconsistent therewith. Smart Eye denies any remaining allegations in Paragraph 15 of the Complaint.

16.     Smart Eye is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and on that basis, denies all such allegations.

17.     Smart Eye is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and on that basis, denies all such allegations.

18.     Smart Eye is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and on that basis, denies all such allegations.

19.     Smart Eye is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and on that basis, denies all such allegations.

20.     Smart Eye is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and on that basis, denies all such allegations.

21.     Smart Eye is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and on that basis, denies all such allegations.

22.     Smart Eye admits that the content of Exhibit A speaks for itself but denies any characterization inconsistent therewith. Smart Eye denies any remaining allegations in Paragraph 22 of the Complaint.

23.     Smart Eye admits that the content of Exhibit A speaks for itself but denies any characterization inconsistent therewith. Smart Eye denies any remaining allegations in Paragraph 23 of the Complaint.

24.     Smart Eye denies the allegations in Paragraph 24 of the Complaint.

25.     Smart Eye admits that the content of Exhibit A speaks for itself but denies any characterization inconsistent therewith. Smart Eye is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of the Complaint, and on that basis, denies all such allegations.

26.     Smart Eye is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and on that basis, denies all such allegations.

27.     Smart Eye denies the allegations in Paragraph 27 of the Complaint.

28.     Smart Eye is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and on that basis, denies all such allegations.

29.     Smart Eye is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and on that basis, denies all such allegations.

30.     Smart Eye admits that the holding of any case cited by Plaintiff speaks for itself but denies any characterization inconsistent therewith. Smart Eye denies any remaining allegations in Paragraph 30 of the Complaint.

31.     Smart Eye denies the allegations in Paragraph 31 of the Complaint.

32.     Smart Eye admits that the content of Exhibit A speaks for itself but denies any characterization inconsistent therewith. Smart Eye denies any remaining allegations in Paragraph 32 of the Complaint.

33.     Smart Eye denies the allegations in Paragraph 33 of the Complaint.

34.     Smart Eye denies the allegations in Paragraph 34 of the Complaint.

**The '535 Patent**

35.     Smart Eye admits that the content of Exhibit B speaks for itself but denies any characterization inconsistent therewith. Smart Eye denies any remaining allegations in Paragraph 35 of the Complaint.

36.     Smart Eye is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, and on that basis, denies all such allegations.

37.     Smart Eye is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 37 of the Complaint, and on that basis, denies all such allegations.

38.     Smart Eye admits that the content of Exhibit B speaks for itself but denies any characterization inconsistent therewith. Smart Eye denies any remaining allegations in Paragraph 38 of the Complaint.

39.     Smart Eye admits that the content of Exhibit B speaks for itself but denies any characterization inconsistent therewith. Smart Eye denies any remaining allegations in Paragraph 39 of the Complaint.

40.     Smart Eye admits that the content of Exhibit B speaks for itself but denies any characterization inconsistent therewith. Smart Eye denies any remaining allegations in Paragraph 40 of the Complaint.

41.     Smart Eye admits that the content of Exhibit B speaks for itself but denies any characterization inconsistent therewith. Smart Eye denies any remaining allegations in Paragraph 41 of the Complaint.

42.     Smart Eye admits that the content of Exhibit B speaks for itself but denies any characterization inconsistent therewith. Smart Eye denies any remaining allegations in Paragraph 42 of the Complaint.

43.     Smart Eye admits that the content of Exhibit B speaks for itself but denies any characterization inconsistent therewith. Smart Eye is without knowledge of the remaining allegations in Paragraph 43 of the Complaint, and on that basis, denies all such allegations.

44.     Smart Eye is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint, and on that basis, denies all such allegations.

45.     Smart Eye denies the allegations in Paragraph 45 of the Complaint.

46.     Smart Eye is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, and on that basis, denies all such allegations.

47.     Smart Eye is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint, and on that basis, denies all such allegations.

48.     Smart Eye admits that the holding of any case cited by Plaintiff speaks for itself but denies any characterization inconsistent therewith. Smart Eye denies any remaining allegations in Paragraph 48 of the Complaint.

49.     Smart Eye denies the allegations in Paragraph 49 of the Complaint.

50.     Smart Eye admits that the content of Exhibit B speaks for itself but denies any characterization inconsistent therewith. Smart Eye denies any remaining allegations in Paragraph 50 of the Complaint.

51.     Smart Eye admits that the content of Exhibit B speaks for itself but denies any characterization inconsistent therewith. Smart Eye denies any remaining allegations in Paragraph 51 of the Complaint.

52.     Smart Eye denies the allegations in Paragraph 52 of the Complaint.

**DEFENDANT'S PRODUCT(S)**

53.     Smart Eye denies the allegations in Paragraph 53 of the Complaint.

54.     Smart Eye denies the allegations in Paragraph 54 of the Complaint.

**The Accused Instrumentality compared to the '096 Patent**

55.     Smart Eye admits that an exemplary claim chart is attached to the Complaint as Exhibit E. Smart Eye denies the remaining allegations in Paragraph 55 of the Complaint.

56.     Smart Eye denies the allegations in Paragraph 56 of the Complaint.

57.     Smart Eye denies the allegations in Paragraph 57 of the Complaint.

58.     Smart Eye denies the allegations in Paragraph 58 of the Complaint.

59.     Smart Eye denies the allegations in Paragraph 59 of the Complaint.

60.     Smart Eye denies the allegations in Paragraph 60 of the Complaint.

**The Accused Instrumentality compared to the '535 Patent**

61.     Smart Eye admits that an exemplary claim chart is attached to the Complaint as Exhibit F. Smart Eye denies the remaining allegations in Paragraph 61 of the Complaint.

62.     Smart Eye denies the allegations in Paragraph 62 of the Complaint.

63.     Smart Eye denies the allegations in Paragraph 63 of the Complaint.

64.     Smart Eye denies the allegations in Paragraph 64 of the Complaint.

65.     Smart Eye denies the allegations in Paragraph 65 of the Complaint.

66.     Smart Eye denies the allegations in Paragraph 66 of the Complaint.

## [ALLEGED] INFRINGEMENT OF THE PATENTS-IN-SUIT

**Count 1- Infringement of the '096 Patent**

67.     Smart Eye incorporates by reference each of its responses set forth in Paragraphs 1-66 above as if fully set forth herein.

68.     Smart Eye denies the allegations in Paragraph 68 of the Complaint.

69.     Smart Eye denies the allegations in Paragraph 69 of the Complaint.

70.     Smart Eye denies the allegations in Paragraph 70 of the Complaint.

71.     Smart Eye denies the allegations in Paragraph 71 of the Complaint.

72.     Smart Eye denies the allegations in Paragraph 72 of the Complaint.

73.     Smart Eye denies the allegations in Paragraph 73 of the Complaint.

74.     Smart Eye denies the allegations in Paragraph 74 of the Complaint.

75.     Smart Eye denies the allegations in Paragraph 75 of the Complaint.

76.     Smart Eye denies the allegations in Paragraph 76 of the Complaint.

77.     Smart Eye denies the allegations in Paragraph 77 of the Complaint.

78.     Smart Eye admits that Plaintiff is entitled to modify its theories pursuant to the Federal Rules of Civil Procedure, the Local Rules, and any orders issued by the Court. Smart Eye denies all remaining allegations in Paragraph 78 of the Complaint.

**Count 2: Infringement of the '535 Patent**

79.     Smart Eye incorporates by reference each of its responses set forth in Paragraphs 1-78 above as if fully set forth herein.

80.     Smart Eye denies the allegations in Paragraph 80 of the Complaint.

81.     Smart Eye denies the allegations in Paragraph 81 of the Complaint.

82.     Smart Eye denies the allegations in Paragraph 82 of the Complaint.

83.     Smart Eye denies the allegations in Paragraph 83 of the Complaint.

84.     Smart Eye denies the allegations in Paragraph 84 of the Complaint.

85.     Smart Eye denies the allegations in Paragraph 85 of the Complaint.

86.     Smart Eye denies the allegations in Paragraph 86 of the Complaint.

87.     Smart Eye denies the allegations in Paragraph 87 of the Complaint.

88.     Smart Eye denies the allegations in Paragraph 88 of the Complaint.

89.     Smart Eye denies the allegations in Paragraph 89 of the Complaint.

90.     Smart Eye admits that Plaintiff is entitled to modify its theories pursuant to the Federal Rules of Civil Procedure, the Local Rules, and any orders issued by the Court. Smart Eye denies all remaining allegations in Paragraph 90 of the Complaint.

## DEMAND FOR JURY TRIAL

91.     Smart Eye is not required to provide a response to Plaintiff's demand for a jury trial.

## PRAYER FOR RELIEF

To the extent that a response is required to Plaintiff's prayer for relief, Smart Eye denies that Plaintiff is entitled to any judgment against Smart Eye and/or an order granting relief in any of the forms requested in parts (a)–(g).

## AFFIRMATIVE DEFENSES

Smart Eye's Affirmative Defenses are listed below. Smart Eye reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

Smart Eye has not infringed and does not infringe, either directly or indirectly, under any theory of infringement, any valid, enforceable claim of the '096 and '535 Patents ("the Asserted Patents").

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff, any predecessors in interest, or any licensees to the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C.

§ 287, or otherwise give proper notice that Smart Eye's actions allegedly infringe the Asserted Patents, Smart Eye is not liable to Plaintiff for the acts alleged to have been performed before Smart Eye received actual notice that it was allegedly infringing the Asserted Patents.

<u>**FOURTH AFFIRMATIVE DEFENSE**</u>

The claims of the Asserted Patents are not entitled to a scope sufficient to encompass any system employed or process practiced by Smart Eye.

<u>**FIFTH AFFIRMATIVE DEFENSE**</u>

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that Smart Eye makes, uses, or sells any product or service embodying each claimed element of any asserted claim, or that Smart Eye directs or controls another entity to make, use, or sell any element that is not made, used, or sold by Smart Eye.

<u>**SIXTH AFFIRMATIVE DEFENSE**</u>

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that Smart Eye infringes, either directly or indirectly, under any theory of infringement, any valid and enforceable claim of the Asserted Patents.

<u>**SEVENTH AFFIRMATIVE DEFENSE**</u>

Plaintiff is precluded from recovering its reasonable attorneys' fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

<u>**EIGHTH AFFIRMATIVE DEFENSE**</u>

To the extent that Plaintiff asserts that Smart Eye indirectly infringes, either by contributory infringement or induced infringement, Smart Eye is not liable to Plaintiff for the acts alleged to have been performed before Smart Eye knew that its actions would cause indirect infringement.

## NINTH AFFIRMATIVE DEFENSE

Should Smart Eye be found to infringe any valid, enforceable claim of the Asserted Patents, such infringement was not willful.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the Asserted Patents against Smart Eye is barred by one or more of the equitable doctrines of estoppel, acquiescence, waiver, and unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C §§ 286 and/or 287.

## SMART EYE'S COUNTERCLAIMS

For its counterclaims against Counterclaim Defendant Comsys Solutions, LLC ("Counterclaim Defendant"), Counterclaim Plaintiff Smart Eye International, Inc. ("Smart Eye") alleges as follows:

## PARTIES

1.      Smart Eye is a corporation organized under the laws of Delaware, having a principal place of business at 455 Eisenhower Parkway, Suite 300, Ann Arbor, MI 48108.

2.      Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Counterclaim Defendant, Counterclaim Defendant is a limited liability company organized under the laws of Delaware, having a principal place of business at 251 Little Falls Drive, Wilmington, Delaware 19808.

## JURISDICTION

3.      Smart Eye incorporates by reference Paragraphs 1-2 above.

4.      These counterclaims arise under the patent laws of the United States, Title 35 of the United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5.      Based solely on Counterclaim Defendant's filing of this action, Counterclaim Defendant has consented to the personal jurisdiction of this Court.

6.      Based solely on Counterclaim Defendant's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I
## DECLARATION REGARDING NON-INFRINGEMENT AS TO THE '096 PATENT

7.      Smart Eye incorporates by reference Paragraphs 1–6 above.

8.      Based on Counterclaim Defendant's filing of this action and at least Smart Eye's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether Smart Eye infringes the '096 Patent.

9.      Smart Eye does not infringe at least Claim 5 of the '096 Patent because, *inter alia*, the "Accused Instrumentalities" do not comprise (1) "a portable device for providing information for use in identifying a presence of an information recipient at a pre-determined location, space, or area during a pre-determined time period;" (2) "a biometric sensor in, on or near the information recipient useful in identifying a physiological state or identifying a change in the physiological state of the information recipient;" (3) "a database for storing information of or about the information recipient, the stored information comprising the identified physiological state or the identified change in the physiological state information, and at least one non-physiological state information;" and (4) "an information content generator for generating at least one information element for communication to the information recipient at a time during the pre-determined time period, wherein the information element is selected based on the at least one non-physiological

14

state information and the identified physiological state or the identified physiological change information." *See* '096 Patent, Claim 5.

10.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Smart Eye requests a declaration by the Court that Smart Eye has not infringed and does not infringe, either directly or indirectly, under any theory of infringement, any claim of the '096 Patent.

<u>COUNT II</u>
<u>DECLARATION REGARDING INVALIDITY AS TO THE '096 PATENT</u>

11. Smart Eye incorporates by reference Paragraphs 1–10 above.

12.    Based on the filing of this action and at least Smart Eye's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '096 Patent.

13.    The claims of the '096 Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 11,176,258 and 7,225,122.

14.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Smart Eye requests a declaration by the Court that the claims of the '096 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

<u>COUNT III</u>
<u>DECLARATION REGARDING NON-INFRINGEMENT AS TO THE '535 PATENT</u>

15.    Smart Eye incorporates by reference Paragraphs 1–14 above.

16.    Based on Counterclaim Defendant's filing of this action and at least Smart Eye's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether Smart Eye infringes the '535 Patent.

17.     Smart Eye does not infringe at least Claim 11 of the '535 Patent because, inter alia, the "Accused Instrumentalities" do not comprise: (1) "a sensor for measuring a physiological state of, or obtaining information useful in determining an identity of, one or more information recipients in or at a location, space, or area and at or during a pre-determined time or time period;" (2) "a plurality of information elements each comprising one or more content, the plurality of information elements adapted to being stored in a database or on a computing device;" and (3) "a broadcast device for outputting any one of or all of the one or more content of the one or more of the plurality of information elements;" and (4) "a software code adapted to running on the computing device for receiving the information useful in determining the identity of the one or more information recipients, the measured physiological state, an information about the physiological state, and at least one non-physiological state characteristic information of the one or more information recipients, and for selecting the one or more of the plurality of information elements for outputting to the one or more information recipients." *See* '535 Patent, Claim 11.

18.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Smart Eye requests a declaration by the Court that Smart Eye has not infringed and does not infringe, either directly or indirectly, under any theory of infringement, any claim of the '535 Patent.

<u>COUNT IV</u>
<u>DECLARATION REGARDING INVALIDITY AS TO THE '535 PATENT</u>

19.     Smart Eye incorporates by reference Paragraphs 1–18 above.

20.     Based on the filing of this action and at least Smart Eye's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Asserted Patent.

21.     The claims of the '535 Patent are anticipated and/or rendered obvious by, inter alia, U.S. Patent Nos. 11,176,258 and 7,225,122.

22.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Smart Eye requests a declaration by the Court that the claims of the '535 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Smart Eye asks this Court to enter judgment in Smart Eye's favor and against Counterclaim Defendant by granting the following relief:

a)      a declaration that Smart Eye does not infringe any valid claim of the Asserted Patents that may be enforceable;

b)      a declaration that the Asserted Patents are invalid;

c)      a declaration that Counterclaim Defendant take nothing by its Complaint;

d)      judgment against Counterclaim Defendant and in favor of Smart Eye;

e)      dismissal of the Complaint with prejudice;

f)      a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Smart Eye of its costs and attorneys' fees incurred in this action; and

g)      further relief as the Court may deem just and proper.

## JURY DEMAND

Smart Eye hereby demands trial by jury on all issues.

Dated: June 30, 2022

**FISH & RICHARDSON P.C.**

By: */s/ Jeremy D. Anderson*
      Jeremy D. Anderson (#4515)
      222 Delaware Ave., 17th Floor
      Wilmington, DE 19801
      (302) 652-5070 (Telephone)
      (302) 652-0607 (Facsimile)
      janderson@fr.com

      Neil J. McNabnay
      Lance E. Wyatt
      Sarika N. Patel
      1717 Main Street, Suite 5000
      Dallas, Texas 75201
      FISH & RICHARDSON P.C.
      (214) 747-5070 (Telephone)
      (214) 747-2091 (Facsimile)
      mcnabnay@fr.com
      wyatt@fr.com
      patel@fr.com

**ATTORNEYS FOR DEFENDANT**
**SMART EYE INTERNATIONAL, INC.**